UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-cr-0027-02-JMS-KPF |
| | ) | 1:11-cr-0033-JMS-KPF |
| DAVID RYAN BOSTIC, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR IN CAMERA REVIEW OF CHARGED DIGITAL FILES**

The United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, and Steven D. DeBrota and A. Brant Cook, Assistant United States Attorneys, hereby moves the Court to conduct an *in camera* review of the child pornography computer files specified in the Indictment in Cause Number 1:11-cr-0027-JMS-KPF-02 ("the Indictment"), and the Information in Cause Number 1:11-cr-0033-JMS-KPF ("the Information").

**I.    Procedural Posture**

On February 23, 2011, David Bostic ("Bostic") was charged by Indictment with one (1) count of conspiring to distribute and receive child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1); one (1) count of conspiring to sexually exploit children, in violation of 18 U.S.C. §§ 2251(d) and (e); twenty-two (22) counts of distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2); and five (5) counts of sexually exploiting children, in violation of 18

U.S.C. § 2251(d). On February 28, 2011, Bostic was charged by Information with thirty six (36) counts of sexually exploiting five (5) different children, in violation of 18U.S.C. § 2251(a); and one (1) count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). On April 5, 2011, Bostic filed a Petition to Enter a Plea of Guilty for both cause numbers. He has already pled guilty to all charges and is currently scheduled to be sentenced on November 18, 2011.

## II.     Legal Argument

Bostic sexually exploited multiple, very young children over the course of several years and trafficked in that and other similar material. Bostic documented his sexual abuse of five children by producing the child pornography image and video files named in the Information, some of which he also distributed to fellow contact offenders and collectors, including during the course of the conspiracy to traffic in child pornography charged in the Indictment.[1] He also collected and maintained a very large collection of child pornography, which he gathered from his co-conspirators and other internet sources.

In determining a just sentence, the Court is directed by statute to consider the "nature and circumstances" of the offenses. 18 U.S.C. § 3553(a).

---

[1] This was not Bostic's first criminal offense involving sexual contact with a minor. He has a prior state conviction for related conduct in Monroe County, Indiana.

The nature and circumstances of Bostic's counts of conviction, including the highly aggravated nature of these offenses, may best be appreciated by an inspection of the image and video files named in the Information and Indictment.

The government provided a detailed descriptions of the images and videos produced and possessed by Bostic for inclusion in the Pre-Sentence Report. Such descriptions, while useful, cannot adequately convey the full nature and circumstances of his crimes. As recently noted by a United States District Court in the Northern District of Ohio when considering of the appropriate sentence for a defendant convicted of distribution and possession of child pornography,

> "the agents handling these matters are able to aptly describe the contents of each image. Those descriptions, however, are little more than words on paper. Absent examining the images, one cannot get a true sense of the depravity that they depict. Thus, the Court implores any reviewing Court to personally examine the images at issue and not simply rely on a written description of their contents. The Court acknowledges that the review of such images is, to say the least, uncomfortable. There are some images that are haunting, and they cannot be unseen. However, any uneasiness felt by the individual reviewing the image pales in comparison to the harm caused by the image being created in the first place." *United States of America v. Cunningham*, — F. Supp.2d —, 2010 WL 308822, *10 (N.D.Ohio).

The digital files Bostic produced tell the most accurate story of the nature and circumstances of his offenses. A review of the files would provide the Court with the fullest understanding of the nature of his sexual exploitation of five children, as the files show the tender ages of his victims and

the despicable nature of the poses in which he placed them.  A review of the files will also demonstrate - in a way that words cannot - the full meaning of the length of time that he subjected the five victims to this abuse, as the images show them progress noticeably in age over the 36 separate occasions of abuse.  This helps show the nature and circumstances of the offense, while simultaneously helping to further illuminate Bostic's history and character, *see* 18 U.S.C. § 3553(a)(2)(A); the need to protect the public from him, U.S.C. § 3553(a)(2)(C); and reflect the seriousness of these offenses, U.S.C. § 3553(a)(2)(B).

    Bostic also participated in an international conspiracy to traffic in child pornography as charged in the Indictment.  The features of this conspiracy included offenders actively encouraging one another to sexually abuse children and produce images and videos of that abuse.  In fact, some of the child pornography produced by Bostic was distributed within the conspiracy to over 50 persons.  The value of the material was heightened because it involved infants, babies and toddlers.  This closely matched the sexual preferences of many of the co-conspirators and was similar to the type of material they wanted and trafficked.  Such material lies outside the norms of behavior of many pedophile and child pornography defendants because it is inconsistent with their common rationalization that their behavior is harmless.  Material involving infant, babies and toddlers does not allow readily such rationalization.  In addition, a review of this material will show: 1) part of what

fueled Bostic's sexual abuse of the victims in the Information; and 2) will show the victimization of the other children whose images and videos were trafficked within the conspiracy. Unfortunately, this is but a small sample of the massive amount of material trafficked within this group. Fully examining all of the material is unnecessary for this purpose, but would take several days. In the instant case, the government is requesting that the Court examine the small fraction of the material specifically named in the Indictment.

Bostic also possessed child pornography collected from the internet and his conspirators in the Indictment. The nature of these files demonstrates his sexual interest in babies, toddlers, and preteens, and helps show what led him to produce the sexually explicit images charged in the Information that involve very young children. His collection also serves as a catalogue of the sexual exploitation of yet more minor victims, who have an interest in seeing him sentenced appropriately for this possession.

Bostic faces sentencing for his serial violations of the law over the course of several years. Part of the nature and circumstances of his offenses - indeed, the substance of his present criminal offenses - was the creation of a photographic and video history of his abuse of multiple minor victims, and his collection of images of abuse of still other minors. This catalogue of his sexual abuse of minors provides the Court the option of gaining a large measure of understanding of the nature and circumstances of his offenses, as well as an insight into his true history and characteristics.

Defense counsel and the government have previously examined the child pornography during negotiations and discovery in this case.  However, a mental health professional hired by defense counsel has not examined any of these images or videos, nor requested the chance to do so.  These images and videos provide, in the government's view, the best objective measure of Bostic's true interests and activities.  They rebut the unsupported claims of this mental health practitioner that Bostic is not a threat to others and did not engage in sexual contact with minors.  They are highly relevant to understanding an objective measure of the nature and circumstances of Bostic's offenses as well as his danger to the community if released.

The Seventh Circuit has recently suggested that district courts have to closely examine child pornography to determine its character if there a question about the nature of the material.  For example, the Seventh Circuit just reversed a conviction in *United States v Loughry*, --- F.3d ----, 2011 WL 4790540, No. 10-2967 (7th Cir 2011), based upon their stated believe that the district court did not make an adequate record of the district court's review of challenged hard core child pornography prior to admitting the evidence at trial. The case involved an evidentiary challenge under F.R.E 403, but it may provide some guidance about an appellate concern that evidence review be conducted and the results documented in the record. *Id.*  The Seventh Circuit specifically indicated that the district court cannot rely alone upon a government agents

testimony about the content of images who character was challenged. *Id.* at *5-6.

In prior cases in this district over a 20 year period, the government has not routinely asked for district courts to examine charged child pornography for sentencing purposes, unless the matter involved unusually aggravated material in production cases.  The undersigned counsel is fully aware of the burden this material places upon a viewer, having had the unfortunate obligation to view hundreds of thousands of these images for official purposes.  This specifically includes the material charged in this case.  In production of child pornography cases, reviewing this material provides an invaluable lens to consider the offense behavior and related sentencing issues.  The government in this matter intends to request what is effectively a life sentence for reasons that will be fully explained in a separate sentencing brief.  Such sentences have be repeatedly affirmed by the Seventh Circuit in appropriate cases, including ones arising in this district. *See e.g., United States v Metzger*, 411 Fed.Appx. 1, 2010 WL 4628115 (7th Cir 2010)(unpublished opinion affirming a 235 year sentence imposed by J. McKinney in a seven (7) victim child pornography production case); *United States v Noel*, 581 F.3d 490 (7th Cir 209)(affirming an 80 year sentence imposed by J. Tinder in a single victim production case).

Other district judges in the Southern District of Indiana have also imposed effective or actual life sentences in appropriate cases. *See e.g., United States v Turner*, 206 Fed.Appx. 572, 2006 WL 3368902 (7th Cir 2003)(unpublished opinion affirming 100 year sentence imposed by J. Hamilton in a

two victim child pornography production case); *United States v. McGrath,* 1:09CR-169-WTL-KPF (370 year sentence imposed by J. Lawrence in an multiple victim child pornography production case).  Given the gravity of the instant case, the extreme nature of the related material, and the advisory Sentencing Guideline Range which calls for a 1,750- year effective sentence, this would appear to be an appropriate case in which to examine the charged material.

Finally, this is not the first time that the government had filed such a motion.  In *United States v. McGrath* the government filed a very similar motion for *in camera* review, which was granted by United States District Judge William T. Lawrence.  *See* 1:09CR-169-WTL-KPF, docket entry 42.

WHEREFORE, based on the foregoing, the government hereby moves the Court for an *in camera* inspection of the digital images underlying the counts of conviction.  The government believes the Court should review the digital images underlying the counts of conviction in the Indictment and Information.  The

digital files are currently in the custody of the government, and could be provided immediately upon the Court's request.

                                        Respectfully submitted,

                                        JOSEPH H. HOGSETT
                                        United States Attorney

By:    s/Steve DeBrota
        Steven D. DeBrota
        Assistant United States Attorney
        Office of the United States Attorney
        10 W. Market St., Suite 2100
        Indianapolis, Indiana 46204-3048
        Telephone: (317) 226-6333
        Fax: (317) 226-6125

        Brant Cook
        A. Brant Cook
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2011, a copy of the foregoing Motion for In Camera Inspection of Charged Images was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

William Marsh
Counsel for Defendant
Indiana Federal Community Defenders
bill.marsh@fd.org

By:   s/Steve DeBrota
      Steven D. DeBrota