AO 245B     (Rev. 12/03) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

**SOUTHERN**  District of  **INDIANA**

UNITED STATES OF AMERICA  **AMENDED JUDGMENT IN A CRIMINAL CASE**
V.

DAVID RYAN BOSTIC

Case Number: 1:11CR00027-002

USM Number: 09828-028

William E. Marsh
Defendant's Attorney

**THE DEFENDANT:**

**X** pleaded guilty to count(s)   1-29

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2) | Conspiracy to Distribute Child Pornography and Receive Child Pornography | 2/23/11 | 1 |
| 18 U.S.C. § 2251(d)(1)(A) | Conspiracy to Commit Sexual Exploitation of Children | 2/23/11 | 2 |

The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)   ☐ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/22/2011
Date of Imposition of Judgment

*Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

12/08/2011
Date

**A CERTIFIED TRUE COPY**
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana

By _____
Deputy Clerk

AO 245B (Rev. 12/03) Judgment in a Criminal Case
      Sheet 1A

Judgment — Page 1.01 of 5

DEFENDANT: DAVID RYAN BOSTIC
CASE NUMBER: 1:11CR00027-002

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 11/19/09 | 3 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 11/23/09 | 4 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 12/11/09 | 5 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 12/12/09 | 6 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 12/12/09 | 7 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 12/23/09 | 8 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 12/23/09 | 9 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 1/6/10 | 10 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 1/19/10 | 11 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 3/3/10 | 12 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 3/5/10 | 13 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 5/1/10 | 14 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 5/3/10 | 15 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 5/3/10 | 16 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 5/3/10 | 17 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 5/19/10 | 18 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 5/19/10 | 19 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 5/19/10 | 20 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 5/19/10 | 21 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 5/28/10 | 22 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 9/9/10 | 23 |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography | 9/10/10 | 24 |
| 18 U.S.C. § 2251(d)(1)(A) | Advertising Child Pornography | 5/19/10 | 25 |
| 18 U.S.C. § 2251(d)(1)(A) | Advertising Child Pornography | 6/2/10 | 26 |
| 18 U.S.C. § 2251(d)(1)(A) | Advertising Child Pornography | 6/23/10 | 27 |
| 18 U.S.C. § 2251(d)(1)(A) | Advertising Child Pornography | 7/10/10 | 28 |
| 18 U.S.C. § 2251(d)(1)(A) | Advertising Child Pornography | 1/17/11 | 29 |

AO 245B    (Rev. 12/03) Judgment in Criminal Case
      Sheet 2 — Imprisonment

Judgment — Page __2__ of __5__

DEFENDANT:  DAVID RYAN BOSTIC
CASE NUMBER:  1:11CR00027-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    60 years to be served consecutively to cause no. 1:11CR00033-001.  Count 1 - 10 years; Count 2 - 20 years served concurrent to Count 1; Counts 3-24 - 20 years, per count, served concurrent to each other and consecutive to Count 2; Counts 25-29 - 20 years, per count, served concurrent to each other and consecutive to Count 3.

[X]  The court makes the following recommendations to the Bureau of Prisons:
    The Court recommends placement in the Sex Offender Management Program at the United States Penitentiary (USP) in Marion, Illinois.

[X]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district:
    [ ]  at _____ [ ] a.m. [ ] p.m. on _____ .
    [ ]  as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ]  before 2 p.m. on _____ .
    [ ]  as notified by the United States Marshal.
    [ ]  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page __3__ of __5__

DEFENDANT:        DAVID RYAN BOSTIC
CASE NUMBER:      1:11CR00027-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :      Life, each count, concurrent

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)
- ☒ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
            Sheet 3C — Supervised Release

Judgment—Page  3.01  of  5

DEFENDANT: DAVID RYAN BOSTIC
CASE NUMBER: 1:11CR00027-002

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation officer access to any requested financial information.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

3. The defendant shall submit to the search (with the assistance of other law enforcement as necessary) of his person, vehicle, office/business, residence and property, including computer systems and peripheral devices. The defendant shall submit to the seizure of contraband found. The defendant shall warn other occupants the premises may be subject to searches.

4. The defendant shall not possess any pornography, erotica or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.

5. The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

6. The defendant shall not have any contact with any minor child, unless the contact has been disclosed to and approved by the probation officer. In determining whether to approve such contacts involving members of the defendant's family, the probation officer shall determine if the defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact then this condition is not intended to prevent approval of the contact.

7. The defendant shall not have any contact with any victim in this case unless they initiate the contact or a qualified treatment provider deems it is necessary for their benefit.

8. The defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school.

9. The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur on a random or regular basis. The defendant shall advise the probation office of all computers available to him for use. Any computer or Internet-enabled device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer.

10. The defendant shall participate in a program of testing for substance abuse to include no more than eight drug tests per month and shall pay a portion of the fees of testing.

11. The defendant shall participate in a program of mental health treatment as directed by the probation officer.

   Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

   These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____   _____
Defendant                                     Date

_____   _____
U.S. Probation Officer/Designated Witness    Date

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __5__

DEFENDANT:     DAVID RYAN BOSTIC
CASE NUMBER:   1:11CR00027-002

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 2,900.00     | $        | $               |

G   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

G   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

| TOTALS | $ | $ |
|--------|---|---|

G   Restitution amount ordered pursuant to plea agreement  $ _____

The defendant shall pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

G   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   G   the interest requirement is waived for the   G  fine   G  restitution.

   G   the interest requirement for the   G  fine   G  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 1:11-cr-00027-JPH-MJD   Document 148   Filed 12/08/11   Page 7 of 7 PageID #: 1147

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 5 of 5

DEFENDANT: DAVID RYAN BOSTIC
CASE NUMBER: 1:11CR00027-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ G below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ G below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ If this case involves other defendants, each may be held jointly and severally liable for payment of all or part of the restitution ordered herein and the Court may order such payment in the future.

**G** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| Defendant Name | Case Number | Joint & Several Amount |
|---|---|---|
| | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or 2260, and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depictions, which were produced, transported, mailed, shipped, or received in violation of 18 U.S.C. Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from offense(s) of which the defendant is convicted; and any property, real or personal, used or intended to be used to commit or to promote the commission of any offense of which the defendant is convicted, or any property traceable to such property

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.