UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:11-cr-0027-JMS-KPF-02 |
| ) | |
| DAVID R. BOSTIC, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S PRO SE
MOTION FOR IDENTIFICATION OF DOCKET**

The United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, and A. Brant Cook, Assistant United States Attorney, hereby files its response to the Defendant's motion to unseal certain documents and for identification of certain other documents of record in the above captioned cause number.

**I.     Background**

The Defendant was charged by an Indictment with 29 counts under Cause No. 1:11-cr-0027-JMS-KPF returned on February 23, 2011, and 37 additional counts by an Information under Cause No. 1:11-cr-0008-JMS-KPF filed on February 28, 2011. Counts 1-29 of the Indictment charge that the Defendant sexually exploited children, distributed child pornography, and conspired to do these offenses, in violation of 18 U.S.C. §§ 2251(d) and 2252(a)(2). Counts 1-37 of the Information charge that he sexually exploited five (5) children and knowingly possessed child pornography in violation of 18 U.S.C. §§ 2251 and 2252(a)(4)(B).

On June 6, 2011, the Defendant entered a plea of guilty to all counts in both cause numbers. On November 22, 2011, the Defendant appeared in person before this Court, and was sentenced to a total aggregate sentence between the two cause numbers of 315 years.

On September 11, 2013, the Defendant, pro se, filed a "Motion to Unseal and Order for Production and Identification of Docket" under the instant cause number. That same date, the Court requested the government to respond to the motion on or before September 18, 2013.

## II.     Government's Response to Defendant's Request

The Defendant seeks the unsealing of docket numbers 1 (complaint and affidavit) and 50 (courtroom minutes of initial appearance). Each of these documents is already unsealed, and the government defers to the Court on whether paper copies be provided to the Defendant, or the documents simply continue to be available through ECF.

The Defendant also requests identification of docket numbers "2, 18, 19, 21 through 39, 41-48, 51, 54-64, 66 through 77, 79 through 88, 91, 92, 93, 95 through 106, 115 through 118, 120 through 125, 127 through 130, 135 through 137, 141, 147, 149, 156 through 158, 162 through 192, 195 through 202, 226, 227, and 231 through 245." Many of these documents that the Defendant seeks to be identified are documents that are commonly not identified on the publically-viewable docket, such as the criminal information sheet (docket no. 24), the arrest warrant (docket no. 26), and other common Court administration documents, or documents that contain significant personally identifying information of the Defendant. Many of the requested documents are also documents relating to the Defendants co-defendants, and were entered long after the Defendant's sentencing.

The government has no objection to the identification of all documents not specifically filed under seal, or that are not otherwise filed under seal or viewable by only the "applicable party," or other limiting designations in the normal course of Court procedures. Many of the documents requested relate to, for instance, documents containing personal identifying information of the Defendant's co-defendants that are not viewable on the public docket due to privacy concerns. The government objects to these documents (labeled on the docket as "applicable party" or "ex parte") being made available or even identified to the Defendant. Additionally, in order to avoid any confusion, the government notes its specific objection to the identification of the following particularly sensitive documents, all of which are specifically sealed:

- 120, 121, 122, 123, 128, 129, 157, 172, 200, 201, 202, 207, 210, 213

The only other specific comment the government would make is with respect to docket no. 141, the government's sentencing memorandum that was filed under seal. The government filed that document under seal in order to protect discussion therein of psychological diagnoses of the Defendant made by a defense expert. While identification of docket no. 141 as the government's sentencing memorandum would appear harmless, the Defendant will want to carefully consider whether it would be wise to seek to unseal it.

The government defers to the Court as to whether unsealed documents should be sent to the Defendant, rather than simply being made available through ECF.

    Respectfully submitted,

    JOSEPH H. HOGSETT
    United States Attorney

By:    s/A. Brant Cook
    A. Brant Cook
    Assistant United States Attorney
    Office of the United States Attorney
    10 W. Market St., Suite 2100
    Indianapolis, Indiana 46204-3048
    Telephone: (317) 226-6333
    Fax: (317) 226-6125

**CERTIFICATE OF SERVICE**

I certify a copy of the foregoing Response to Defendant's Pro Se Motion to Unseal was filed electronically.   A copy of this document will be served on the Defendant at the following address:

David Ryan Bostic, #09828-028
United States Penitentiary
P.O. Box 24550
Tucson, Arizona

By: s/A. Brant Cook
A. Brant Cook
Assistant United States Attorney