UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

DAVID RYAN BOSTIC

Case No. 1:11-cr-00027-JMS-MJD-2

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11-cr-00027-JMS-MJD |
| | ) | |
| DAVID RYAN BOSTIC, | ) | -02 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant David Ryan Bostic (02) has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). [Filing No. 380.] For the reasons explained below, his motion is **DENIED**.

## I.
### BACKGROUND

On June 6, 2011, Mr. Bostic pled guilty to one count of Conspiracy to Distribute Child Pornography and Receive Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), one count of Conspiracy to Commit Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(d)(1)(A), 21 counts of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), and 5 counts of Advertising Child Pornography, in violation of 18 U.S.C. § 2251(d)(1)(A). [Filing No. 119.] The same day, Mr. Bostic pled guilty in a separate case to 36 counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). [Filing No. 29 in *United States v. David Ryan Bostic*, 1:11-cr-00033-1-JMS-KPF.]

2

The offense conduct is summarized as follows:

A federal search warrant was executed on the defendant's e-mail account in December 2010. An analysis of the account demonstrated the defendant was trading child pornography with dozens of individuals and also was a member of a large list of dozens of individuals sharing child pornography, information about where child pornography could be found, as well as generally encouraging one another to distribute and produce child pornography, in addition to sexually abusing children. The e-mail group was primarily administered by an individual later identified as Domminich Shaw, and included among its members the defendant and other co-defendants in the instant cause.

The review of the defendant's e-mail account, as well as his admissions upon his arrest, demonstrates the defendant sought out like-minded individuals who had a sexual interest in children and child pornography on a photo sharing website, Imgsrc.ru. In July 2009, after apparently seeing sexually suggestive images posted to Imgsrc along with a contact e-mail, the defendant sent a number of e-mails requesting that Shaw agree to use software allowing limited remote access to one another's computers. When the defendant received no response, he then sent Shaw [an] e-mail stating "I added you but got no response. Here is some of what I got if you add me." The defendant attached to that e-mail images of Girl 2, a victim in cause number 1:11CR00033-001, engaged in sexually explicit conduct…. Several days later, Shaw accepted the request to use the remote access software, allowing access to one another's files.

On October 8, 2010, Shaw sent a mass e-mail to more than 40 individuals who had previously sent him child pornography, including the defendant, and stated "Hello all iv [sic] been away for a while thank you for all your emails and attachments, very nice to come home to ;-)." The defendant responded on October 13, 2010, stating "May I please have some in return by any chance :)." Following this exchange, Shaw sent a long series of mass emails directed to dozens of individuals at once with whom, like the defendant, he had traded child pornography. Many of the mass e-mails requested child pornography in return, and child pornography was received in return. Several of these mass e-mails were responded to by the defendant, with requests for more images or discussions of his and Shaw's sexual interest in children. Several other members of the e-mail group also sent images to all of the other members of the e-mail group, including the defendant.

\*                \*                \*

The defendant also traded child pornography images with PERSON 1, relating to their contact through the email group. In September 2010, the defendant sent PERSON 1 videos of a minor female appearing to be less than two years of age being subjected to sexual acts by an adult male…. In return, PERSON 1 sent the defendant a video depicting a nude minor female, appearing to be less than two years of age…. Later, in response to the portion of the defendant's request for new

3

"boards" (websites depicting child pornography), PERSON 1 sent to the defendant's e-mail account a hyperlink to a website created by Shaw displaying exclusively child pornography images of infant-aged children….

[Filing No. 124 at 7-11.]

Mr. Bostic faced a guideline term of life imprisonment. [Filing No. 124 at 57.] The Court sentenced him to 60 years of imprisonment, to be served consecutively to his sentence in 1:11-cr-00033-JMS-KPF, followed by supervised release for life. [Filing No. 146.] The Bureau of Prisons ("BOP") currently reports Mr. Bostic's anticipated release date as May 6, 2279. https://www.bop.gov/inmateloc/ (last visited June 8, 2026).

Mr. Bostic has filed a Motion for Compassionate Release, [Filing No. 380], the Government opposes the motion, [Filing No. 386], Mr. Bostic did not file a reply, and the motion is now ripe for the Court's consideration.

## II.
### DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a provision known as compassionate release, a court may reduce a sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

The United States Sentencing Commission has been authorized by Congress to develop policies to be used by the courts in considering compassionate release motions. The Sentencing Commission has set forth the following considerations: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement"; and second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(1)(A) and (a)(2). If a court finds that extraordinary and compelling reasons exists and that the defendant is not a danger to the safety of any other person or to the community, it goes on to consider the

4

sentencing factors in 18 U.S.C. § 3553(a), "to the extent that they are applicable."  U.S.S.G. § 1B1.13(a).

The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute.  *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).  The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction," *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).  On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release.  *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Bostic argues in his motion that there are extraordinary and compelling reasons for his release, including that there is a combination of circumstances warranting release and that he received an unusually long sentence.  The Court will address each argument in turn.

### A.    Combination of Circumstances Under § 1B1.13(b)(5)

Mr. Bostic checks a box on the form Motion for Compassionate Release which states: "There is another circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described above, are similar in gravity to the reasons described above.  *See* [U.S.S.G.] § 1B1.13(b)(5)."  [Filing No. 380 at 5.]  He then states:

> No one deserves the length of time I was given.  Due to my charges and the increase of gang activity my saf[e]ty is decreasing.  Staff have je[o]pardized my saf[e]ty numerous times, placing me with high risk inmates (was raped by one).  Staff hired hit out on me due to my charges because I filed on him for having me fired from my job (C.O. Murry).  I am discriminated against based off charges and [length of] time I am serving were it be getting a job or into a class.  The system is unjust and discriminates.  I deserve a second chance.  Please let me see my family again.

[Filing No. 380 at 6.]

The Government responds that § 1B1.13(b)(5) "does not afford relief for purported changes in the law or sentencing disparities," and that such arguments are specifically covered by § 1B1.13(b)(6). [Filing No. 386 at 5.] It asserts that Mr. Bostic has not presented circumstances similar in gravity to those set forth in § 1B1.13(b)(1) through (4), as required for the application of § 1B1.13(b)(5), and that Mr. Bostic cannot use § 1B1.13(b)(5) to challenge the reasonableness of his sentence. [Filing No. 386 at 6.] The Government argues further that Mr. Bostic's conditions of confinement, alleged sexual assault by another inmate, or the BOP's alleged retaliation against him are not extraordinary and compelling circumstances under § 1B1.13(b)(5). [Filing No. 386 at 7.]

The Sentencing Commission has provided that extraordinary and compelling reasons for release exist under the following circumstances:

> **(5) Other Reasons.**—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b)(5).

Mr. Bostic points to the following circumstances: that his sentence is lengthy, that there is gang activity within the facility where he is being housed, that his safety has been jeopardized and he was raped by another inmate, that BOP staff members have retaliated against him, and that he has been discriminated against based on his charges. First, any argument regarding the length of Mr. Bostic's sentence can only be brought under § 1B1.13(b)(6), and the Court discusses that provision below. *See* U.S.S.G. § 1B1.13(c) (any changes to the law relating to sentencing "shall not be considered for the purposes of determining whether an extraordinary and compelling reason exists" "[e]xcept as provided in subsection (b)(6)").

Second, as for the other circumstances that Mr. Bostic raises, the Court notes that allegations about his safety and potential discrimination relate to his conditions of confinement and are properly brought in a civil rights lawsuit. *See United States v. Miller*, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that [defendant] challenges the conditions…at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). Additionally, the Court does not find those circumstances to be similar in gravity to those outlined in § 1B1.13(b)(1)-(4).[1]

Mr. Bostic has not established that an extraordinary and compelling reason for release exists under § 1B1.13(b)(5), whether considered alone or in combination with any other reason.

### B.    Unusually Long Sentence Under § 1B1.13(b)(6)

In his Motion for Compassionate Release, Mr. Bostic checked a box stating: "I received an unusually long sentence, I have served at least 10 years of the term of imprisonment, and a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) would produce a gross disparity between the sentence being served and the sentence likely to be imposed on the date I filed this motion, after full consideration of my individualized circumstances. *See* § 1B1.13(b)(6)." [Filing No. 380 at 5-6.] He then states "[n]o one deserves the length of time I was given." [Filing No. 380 at 6.]

---

[1] While § 1B1.13(b)(4)(A) provides that an extraordinary and compelling reason exists where "[t]he defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of…sexual abuse involving a 'sexual act,'" the abuse must be committed by, or at the direction of, a correctional officer, BOP employee, or BOP contractor and the misconduct "must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." The Court finds that, although disturbing, Mr. Bostic's allegation that he was raped by an inmate is not similar in gravity to the circumstances outlined in § 1B1.13(b)(4).

In its response, the Government argues that a non-retroactive change to the law cannot constitute an extraordinary and compelling reason under § 1B1.13(b)(6), and that Mr. Bostic "has not pointed to any specific change in the law that would result in a different sentence than the one he received." [Filing No. 386 at 8-9.]

U.S.S.G. § 1B1.13(b)(6) provides:

**(6) Unusually Long Sentence.**—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Putting aside the issue of whether a non-retroactive change to a law affecting sentencing can constitute an extraordinary and compelling reason for release,[2] Mr. Bostic's argument is doomed because he has not pointed to any change in the law at all. Further, a motion for compassionate release is not the proper vehicle for challenging a sentence. Rather, Mr. Bostic can only challenge his sentence through a petition filed pursuant to 28 U.S.C. § 2255. *See United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021). He has already filed a § 2255 petition, [Filing No. 268], which the Court denied, [Filing No. 311]. He must receive permission from the Seventh Circuit Court of Appeals to file a successive § 2255 petition, 28 U.S.C. § 2255(h), and he has not done so.

---

[2] The Court recognizes the United States Supreme Court's recent holding in *United States v. Rutherford*, 608 U.S. ----, 2026 WL 1485535, at *10 (May 28, 2026), that "Congress's nonretroactive change to [18 U.S.C.] § 924(c) – considered by itself or in combination with other factors – cannot make a prisoner eligible for compassionate release," and notes that the Supreme Court's reasoning would apply to other non-retroactive changes in the law outside of the § 924(c) context.

Mr. Bostic's argument related to the length of his sentence under § 1B1.13(b)(6) is not an extraordinary and compelling reason for compassionate release, whether considered alone or in combination with any other reason.

Although Mr. Bostic has not established extraordinary and compelling reasons for release, the Court briefly considers whether he is a danger to the safety of any other person or to the community and whether consideration of the factors set forth in § 3553(a) warrants release.

**C.      Danger to the Safety of Any Other Person or to the Community**

Mr. Bostic does not address whether he is a danger to the safety of any other person or to the community in his Motion for Compassionate Release.  [*See* Filing No. 380.]

In its response, the Government argues that Mr. Bostic has served only 15 years of his total 315-year sentence for both of his cases, outlines the "vile and egregious nature of his conduct," and notes that he "preyed upon very young children multiple times over an extended period of time" and "attempted to obtain access to additional children by placing, and replying to, advertisements seeking nannies or childcare workers."[3]  [Filing No. 386 at 10.]

The conduct that led to the charges in this case is horrific.  Mr. Bostic conspired to distribute and received large numbers of sadistic and vile images depicting children as young as two years old engaged in sexual acts.  Releasing him from his life sentence would put the most vulnerable members of society – young children – at risk and Mr. Bostic does not even attempt to persuade the Court otherwise.  The Court cannot discount the real danger to the community that Mr. Bostic would pose if he were to be released.

---

[3] The Government asserts these arguments in connection with the § 3553(a) factors, but they apply with equal force to the analysis regarding whether Mr. Bostic is a danger to any other person or to the community.

The Court finds that Mr. Bostic is a serious danger to the safety of any other person or to the community, making compassionate release inappropriate. 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(a)(2).

### D.    Section 3553(a) Factors

Mr. Bostic does not directly address the § 3553(a) factors in his Motion for Compassionate Release, but he does submit a Proposed Release Plan in which he states that he would live with a relative and work at a manual labor job. [Filing No. 380-1 at 1-5.]

The Government argues that the § 3553(a) factors weigh heavily against compassionate release. [Filing No. 386 at 10-11.]

The Court has already found that compassionate release is not warranted because Mr. Bostic has not presented extraordinary and compelling reasons for his release and because he is a danger to the safety of any other person or to the community. Although it need not consider the factors set forth in § 3553(a), it also finds for the reasons already discussed that releasing Mr. Bostic early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. Consideration of the § 3553(a) factors provides an independent basis for denying Mr. Bostic's Motion for Compassionate Release.

In sum, the Court finds that Mr. Bostic has not presented extraordinary and compelling reasons to release him, he remains a danger to the safety of any other person or the community, and the § 3553(a) factors weigh against compassionate release. Accordingly, his Motion for Compassionate Release, [Filing No. 380], is **DENIED**.

## III.
### CONCLUSION

For the reasons stated above, Mr. Bostic's Motion for Compassionate Release, [380], is

**DENIED**.

Date: 6/10/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

David Ryan Bostic
#09828-028
FCI Petersburg Medium
Federal Correctional Institution
P.O. Box 1000
Petersburg, VA 23804